# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**DANNY CONNER,**

        Petitioner,

v.                                                   **Case No. 05-C-0001**

**GARY R. MCCAUGHTRY,**

        Respondent.

_____

## ORDER ON THE HABEAS CORPUS PETITION
_____

Danny Conner ("Conner"), is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Under Rule 4 of the Rules Governing Section 2254 Cases, this court must make a preliminary examination of the petition. If the court finds that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases.

Conner's sole ground for relief is that he received ineffective assistance of counsel at trial. Specifically, Conner asserts four reasons that counsel was deficient: (1) failure to raise the constitutional merit of issues on direct appeal, especially a Fifth Amendment violation in regard to the court's decision not to treat the state's key witness as an accomplice or give a related accomplice jury instruction; (2) failure to raise or pursue the issue of insufficient evidence to convict despite changing the trial strategy because counsel believed the state had not met its burden of proof; (3) failure to communicate changes in defense strategy that resulted in a witness not being called and

Conner not testifying; and (4) failure to provide an adequate defense strategy.

From a review of the petition and accompanying brief, the court cannot say that it plainly appears that the petitioner is not entitled to relief. Therefore, the state will be required to answer the petition. In doing so, and based upon the dates set forth in the petition, the respondent should address the issue of timeliness, as well as issues of exhaustion and procedural default, if applicable.

**IT IS THEREFORE ORDERED** that a copy of Conner's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent shall answer the petition within **30 days** after service of the petition.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or its attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers which do not indicate that a copy has been sent to the respondent or its attorney.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 4th day of May, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge