UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DANNY CONNER,**

        Plaintiff,

v.                                               **Case No. 05-C-1**

**GARY R. McCAUGHTRY,**

        Defendant.

## ORDER ON THE HABEAS CORPUS PETITION

Danny Conner ("Conner"), is a prisoner incarcerated pursuant to a state court judgment. Proceeding pro se, Conner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court previously conducted the preliminary review of Conner's petition that is required under Rule 4 of the Rules Governing Section 2254 Cases. Because it did not plainly appear from the face of the petition that Conner was not entitled to relief, the court ordered the respondent to answer the four grounds for relief that it recognized in Conner's petition.

On June 3, 2005, in accordance with the court's Rule 4 order, the respondent filed an answer to Conner's petition. In doing so, the respondent raised numerous defenses, including:

(1) that Conner's petition is untimely,

(2) that Conner failed to exhaust available state court remedies with regard to two of his grounds for relief,

(3) that Conner should not be excused for his untimeliness or for failing to exhaust available state court remedies,

(4) that Conner cannot demonstrate prejudice because there is overwhelming evidence of his guilt, including his confession to the charged offense,

(5) that the state court did not resolve Conner's challenges in a way that is contrary to, or that involves an unreasonable application of federal law, and

(6) that challenges regarding the state court's failure to designate a witness as an accomplice and to give an accomplice instruction to the jury regards state evidentiary issues and not a federal constitutional challenge.

Conner filed a reply brief in support of his petition, arguing that equitable tolling should be applied and that the court should reach the merits of his petition despite its untimeliness. In addition, Conner filed a motion to clarify this court's screening order, contending that this court failed to recognize two grounds for relief set forth in his petition.

Because the court finds that there is no basis to reach the merits of Conner's petition, the petition will be denied and this case dismissed. Conner's motion to clarify is, therefore, moot and will be denied as such.

## ANALYSIS

Section 2244(d)(1) sets forth a one-year statute of limitations for the filing of habeas corpus petitions. The one-year statute of limitations begins to run under § 2244(d)(1) from the latest of the following: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time to seek review; (2) the date on which the impediment to filing an application is removed, if the impediment is created by state action in violation of the Constitution or laws of the United States and the defendant was prevented from filing by that state action; (3) the date on which the Constitutional right asserted by the petitioner was acknowledged by the Supreme Court and made retroactive to cases on collateral review; or (4) the date on which the factual predicate for the claim or claims could have been discovered through due diligence. Statutory tolling, set forth at

2

§ 2244(d)(2), applies where the petitioner properly files an application for State post-conviction or other collateral review. In that scenario, the time during which the properly filed request for relief is pending does not count toward the one-year statute of limitations.

Conner concedes that his petition is untimely under § 2244(d) and does not assert that statutory tolling excuses his delay. Instead, Conner argues that the doctrine of equitable tolling allows the court to address the merits of his petition. (Conner Traverse at 1.). In light of the statutory tolling already set forth in § 2244(d)(2), the possibility that courts may also excuse untimely petitions based on equitable tolling is not clearly established. Pace v. DiGuglielmo, — U.S. —, 125 S.Ct. 1807, 1815 n.8 (2005)("[w]e have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations."); Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000)(citing Taliani v. Chrans, 189 F.3d 57 (7th Cir. 1999)("we held out the possibility that some prisoners may invoke equitable tolling or estoppel (neither of which is applicable here) to justify untimely petitions."). However, courts have reasoned that, even if the doctrine of equitable tolling were recognized, its application would require the petitioner to establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way of filing the petition by the § 2244(d) deadline. Pace, — U.S. at ---, 125 S.Ct. at 1815 (citing Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990)).

The only argument that Conner presents to justify equitable tolling is that he is innocent. Conner says that, if his trial counsel would have permitted him to testify and would have called a particular witness, then the state's chief witness would have been discredited, Conner would have clarified his post-arrest confession, and his innocence would have been clear to the jury.

This is problematic because Conner does not demonstrate that he has been diligent in pursuing his rights or that some obstacle prevented him from presenting his petition sooner. Despite his affirmations of innocence, the Wisconsin Supreme Court denied Connor's petition for discretionary review on November 28, 2001, but the present petition was not filed until January 3, 2005. In fact, the alleged errors that Conner highlights to demonstrate his innocence have been known to him since his trial in 1996. Moreover, Conner does not address any of the other defenses raised by the respondent, including his alleged failure to exhaust all of the claims in his petition, as required for this court's review. See Rose v. Lundy, 455 U.S. 509, 510 (1982). Accordingly, the petition must be denied and this case dismissed.

**IT IS THEREFORE ORDERED** that Conner's petition be **denied** and this case **dismissed.**

**IT IS FURTHER ORDERED** that Conner's motion to clarify be **denied as moot.**

Dated at Milwaukee, Wisconsin this 13th day of February, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge