UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DANNY CONNER,**

               Petitioner,

    v.

                                                    **Case No. 05-C-1**

**GARY R. McCAUGHTRY,**

               Respondent.

---

**ORDER DENYING MOTION FOR RECONSIDERATION**

---

      Danny Conner ("Conner"), is a prisoner incarcerated pursuant to a state court judgment. Proceeding pro se, Conner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 3, 2005. This court conducted a preliminary review of Conner's petition that is required under Rule 4 of the Rules Governing Section 2254 Cases. Because it did not plainly appear from the face of the petition that Conner was not entitled to relief, the court ordered the respondent to answer the four grounds for relief that it recognized in Conner's petition.

      On June 3, 2005, the respondent filed its answer in accordance with the court's Rule 4 order. In doing so, the respondent raised numerous defenses including that the petition was untimely. The court found the petition to be untimely and that the doctrine of equitable tolling did not excuse the delay. Therefore, the court ordered the petition dismissed on February 13, 2006. The petitioner now seeks reconsideration and clarification of that decision.

A motion for reconsideration is not the mechanism by which a party may present issues already argued and determined by the court. In other words, a motion for reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." First Nat. Bank in Manitowoc v. Cincinnati Ins. Co., 321 F.Supp.2d 988, 992 (E.D. Wis. 2004). To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir.2000). A manifest error is not demonstrated by the disappointment of the losing party. Rather, manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Id.

The court denied the petition as untimely and rejected the application of equitable tolling because the petitioner failed to demonstrate diligence or provide an extraordinary reason for its absence. In his motion for reconsideration, the petitioner again fails to provide any extraordinary reason for his lack of diligence but again claims his innocence apparently arguing that a claim of actual innocence, standing alone, permits him to avoid the time limits imposed by § 2244(d)(1).

The Seventh Circuit has held that a demonstration of diligence is required and a claim of actual innocence alone does not permit a petitioner to avoid the statute of limitations imposed by § 2244(d)(1). The Seventh Circuit adopted the position of the Eighth Circuit and said:

> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004) (quoting Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002)). All of the Conner's claims of actual innocence are based upon evidence that was

known to him at the time of his trial and he has failed to demonstrate that he was diligent in his pursuit of his claims.

**IT IS THEREFORE ORDERED** that Conner's motion for reconsideration is **denied.**

Dated at Milwaukee, Wisconsin, this 1st day of June, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge
